TRUSDELL vs. JONES and others.

1. An agreement to extend the time of payment of a mortgage, in consideration of a note for $500, is invalid, and an assignee of the mortgage, who had no notice of such agreement, and took the mortgage as then due and payable, is entitled at once, and before the extended time has elapsed, to a decree for the amount of the mortgage, less the value of the note.

2. But the mortgagee, having covenanted with the assignee that a certain sum was due upon the bond, will be allowed to avoid the credit by giving up the note; otherwise the present worth of the note must be endorsed as a credit on the bond.

This cause was argued upon the pleadings and evidence, before the Vice-Chancellor.

*Mr. Oscar Keen*, for complainant.

The mortgage sought to be foreclosed, by its terms was due April 1st, 1871. Two days afterwards the defendant, Jones, gave to the then holder of the mortgage his note for $500, payable in fifteen months, and Meeker, who was the owner of the mortgage, agreed to extend the time of its payment for one year, and soon after assigned it to complainant, without notice of any such agreement.

The only question is as to the effect of the agreement. We contend that there was no legal consideration for the agreement to extend. It was but a promise to pay a portion of the whole debt then already due. See supplement to the usury act, *Nix. Dig.* 439, § 1.

This has received a judicial construction from the Supreme Court. *Nightingale* v. *Meginnis*, 5 *Vroom* 461.

The act applies to "cases of suits at law or in equity."

The note is void for want of consideration, and in any event the amount for which it was given can only be deducted from the sum that is due.

See also the following cases: *Vilas* v. *Jones*, 1 *Comstock* 274; *Tudor* v. *Goodhue*, 1 *B. Monroe L. and Eq. R.* 322;

Trusdell *v.* Jones.

*Kenningham* v. *Bedford*, *Ib*. 325; *Reynolds* v. *Ward*, 5 *Wend.* 501; *Burge on Suretyship* 203–4; *Pabodie* v. *King*, 12 *Johns. R.* 426.

*Mr. G. W. Cummings*, for defendant.

.THE VICE-CHANCELLOR.

The bill is filed to foreclose a mortgage dated April 1st, 1869, made by Henry A. Jones and wife to Samuel A. Meeker, one of the defendants, for $14,000, payable on the 1st of April, 1871. Soon after the mortgage fell due a parol agreement was made between Meeker and Jones for the extension of the time of payment of the principal. It was agreed that the principal should not be payable till April 1st, 1872, and, as the consideration therefor, Meeker took from Jones his note, dated April 3d, 1871, for $500, payable in fifteen months. On or about the 22d of the following July, Meeker assigned the mortgage to Trusdell, the complainant, who had no notice of the agreement, and took the mortgage as then due and payable. To his present bill Jones and wife have answered, alleging the above agreement, and insisting that by virtue of it the mortgage debt is not yet due. There is no dispute about the facts, the only question being as to the validity and effect of the agreement.

This question I understand to be entirely settled by the judgment of the Supreme Court, in *Nightingale* v. *Meginnis*, 5 *Vroom* 461. A parol agreement had there been made between the holder and maker of a matured and protested note for the delay of one month. In addition to the legal interest, $10 had been paid by the debtor in consideration of the delay. This agreement was adjudged to be invalid, as without consideration, and the money paid treated as a payment on the note, under the statute against usury, approved April 12th, 1864.

The present case is within the scope and reason of that decision, and must be governed by it. The defendant, Jones, is entitled to have the note surrendered to him, or to have a

credit on the bond for the amount of the note or its present worth. The purchaser of a mortgage takes it subject to the equities belonging to it when assigned. The equity of Jones being to have the note taken as a credit or payment on the debt, or given up as void, the complainant assumes the place of Meeker, and takes the bond and mortgage as they were chargeable in his hands.

The defendant, Meeker, having covenanted in the assignment deed to Trusdell that a certain sum was due upon the bond, should be allowed to avoid the credit on the same by giving up the note. Upon the reference to the master the defendant, Meeker, being summoned, may show that the note has been surrendered; otherwise its present worth must be endorsed as a credit on the bond.

I respectfully advise a decree in pursuance of the above.